UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: FIROUZ FIROUZMANDI | Case No. 3:26-cv-00229-ART-CSD |
| | SCREENING, DEFFERAL, APPOINTMENT, AND SERVICE ORDER |

Petitioner Firouz Firouzmandi, an immigration detainee who is challenging his ongoing federal detention at Washoe County Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 and paid his filing fee. (ECF No. 1.) The Court cannot determine under what statutory authority Petitioner is detained or what constitutional claims he may have, so the Court defers ruling on the petition. However, the Court finds that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] The Court also directs that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

It is therefore ordered the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition, or (2) a motion to dismiss the petition. The FPD must effectuate service of the amended petition, if one is filed, on Respondents.

It is further kindly ordered that the Clerk of Court:

1. **SEND** a copy of the petition (ECF No. 1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

2. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

3. **ADD** Darin Balaam, Sheriff, Washoe County Detention Center to the docket as an Interested Party.

4. **MAIL** a copy of the petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Darin Balaam, Sheriff, Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512.

5. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1) and this Order to Assistant Washoe County District Attorney Cobi Burnett at CBurnett@da.washoecounty.gov.

It is further ordered that in order to maintain jurisdiction and provide a prompt resolution, Petitioner shall not be transferred out of this District, unless the Court grants a motion or stipulation to modify this order.[2]

---

[2] *See F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (noting the court's

2

DATED THIS 3rd day of April 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

"express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").