UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FIROUZ FIROUZMANDI NAJAFABADI,

Petitioner,

v.

DARIN BALAAM, et al.,

Respondents.

Case No. 3:26-cv-229-ART-CSD

ORDER GRANTING HABEAS
PETITION
(ECF No. 6)

Petitioner Firouz Firouzmandi Najafabadi brings this action against Respondents in habeas, seeking release on the basis that his indefinite post-removal order detention is unconstitutional and unlawful, and that any third country removal under DHS's procedures would be unconstitutional and unlawful. (ECF No. 6.) Mr. Firouzmandi's habeas petition and his motion for a Temporary Restraining Order are both pending before the Court. (ECF Nos. 6, 7.) The Court now grants the Petition.

Mr. Firouzmandi was ordered removed to Iran on August 24, 2009. (ECF No. 9-3.) He was redetained by DHS in August 2025, and has remained in immigration detention since. (ECF No. 6.) He alleges that the Government's previous attempts to remove him to Iran failed for his lack of a birth certificate or a passport, and that the Government's prospects of removing him to Iran now are even dimmer because of the war. (*Id.*) Mr. Firouzmandi argues his detention under 8 U.S.C. § 1231 is unconstitutional because there is no reasonably foreseeable possibility of removal. *Zadvydas v. Davis,* 533 U.S. 678 (2001). Mr. Firouzmandi also claims that the Government's third country removal procedures, as articulated in two recent memoranda, announce an intention to violate due process. Under similar circumstances, many courts in this district

1

have ordered release and an injunction against third country removal unless with notice and an opportunity to be heard. *See, e.g., Partovi v. Bondi*, No. 2:25-CV-02283-JAD-DJA, 2026 WL 1097162 (D. Nev. Apr. 21, 2026); *Bunnell v. Noem*, No. 2:25-CV-02259-GMN-EJY, 2025 WL 3707588 (D. Nev. Dec. 22, 2025); *Perez Canet v. Blanche*, No. 2:26-CV-00223-APG-NJK, 2026 WL 1091763 (D. Nev. Apr. 22, 2026).

At a hearing held on the petition and the motion, counsel for the Government conceded that there was no basis for Mr. Firouzmandi's detention. Counsel for the Government also stated that they did not oppose Mr. Firouzmandi's request for an injunction mandating that any third country removal comport with the requirements of due process.

The Government having conceded to all the relief that Mr. Firouzmandi seeks, the Petition is granted.

**Conclusion**

It is hereby ordered that the Amended Petition for Writ of Habeas Corpus (ECF No. 6) is GRANTED. Petitioner's continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

It is further ordered that Petitioner's Motion for Temporary Restraining Order (ECF Nos. 7) is DENIED AS MOOT.

It is further ordered that Petitioner's Motion to Extend Time (ECF No. 5) is GRANTED *nunc pro tunc.*

It is further ordered that Petitioner must be RELEASED from Washoe County Detention Center on June 4, 2026, between 6:00 a.m. and 8:00 a.m. Petitioner's release is subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3).

2

It is further ordered that Petitioner must be RELEASED from federal custody by 2:00 p.m. tomorrow, June 4, 2026.

It is further ordered that Respondents are ENJOINED from removing Petitioner to any third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

It is further ordered that Respondents are ENJOINED from re-detaining Petitioner absent proof of changed circumstances making his removal reasonably foreseeable.

It is further ordered that the parties must FILE a Joint Status Report no later than June 11, 2026, to certify compliance with the Court's order.

DATED: June 3, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3